IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| TRAVIS LENARD MIKADO, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-1389-D |
| | ) | |
| JOE M. ALLBAUGH,[1] | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

Petitioner, appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. Petitioner filed a brief, Doc. 2, and a supplemental brief, Doc. 14, to support his petition. Respondent filed a response, Doc. 15, and the original record (OR), and Petitioner replied, Doc. 18. The undersigned has reviewed all the pleadings and the relevant records, and, for the reasons set forth below, recommends the court deny habeas relief.

---

[1] When Petitioner filed his petition, he named Robert Patton, then-Department of Corrections Director, as Respondent. Doc. 1, at 1. Joe M. Allbaugh is now the Oklahoma Department of Corrections Interim Director, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d) (noting when a public officer "ceases to hold office when the action is pending" "[t]he officer's successor is automatically substituted as a party").

## I. Introduction.

In Oklahoma County, Oklahoma, Case No. CF-2010-2395, the State charged Petitioner, in a first-amended Information, with aggravated attempting to elude a police officer (Count I), misdemeanor possession of a controlled dangerous substance—marijuana (Count II), and felony possession of a controlled dangerous substance—methamphetamine (Count III). OR 110; *see also* Doc. 15, Ex. 3, at 1 (labelling Count II as a misdemeanor).[2] The jury found Petitioner guilty,[3] OR 153-54, and sentenced him to one-year imprisonment and a monetary fine on Count I, a monetary fine on Count II, and nine years' imprisonment on Count III. *Id.* at 157.

On appeal, Petitioner alleged his convictions in Counts II and III resulted in double punishment under Okla. Stat. tit. 21, § 11, and double jeopardy under the federal Constitution. Doc. 15, Ex. 1, at 8-14. The Oklahoma Court of Criminal Appeals (OCCA) agreed Counts II and III were in fact "but one violation of [Okla. Stat. tit. 63,] § 2-402, punishable only once according to [Okla. Stat. tit. 21,] § 11." *Id.* Ex. 3, at 6; *see generally id.* at 1-8.

---

[2] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citation to the state court records will refer to the original pagination.

[3] On Count I, the jury found Petitioner guilty on the lesser included offense of attempting to elude a police officer. OR 153.

So, without addressing Petitioner's related federal double jeopardy claim, the OCCA reversed Count II "with instructions to dismiss." *Id.* at 8 & n.2.

## II. Petitioner's claim.

Respondent interprets Petitioner's sole claim as arguing his two convictions for possession of a controlled dangerous substance (Counts II and III) "constituted double punishment under Okla. Stat. tit. 21, § 11 and a violation of the double jeopardy clause." Doc. 15, at 9. To that end, Respondent argues the petition is "moot," because the OCCA dismissed Count II, and Petitioner has thus "been granted all the relief he is entitled to on his claim." *Id.* But the undersigned reads Petitioner's habeas claim as a narrower argument. That is, with liberal construction, Petitioner's argument appears to be the OCCA's Count II dismissal did not cure the Double Jeopardy Clause violation because the state appellate court improperly dismissed Count II, rather than Count III. Doc. 2, at 8.[4] Respondent addressed this argument on the merits.

---

[4] In his reply, Petitioner argues for the first time he should have been charged under the drug paraphernalia statutes but he faced "the Hobson's [c]hoice of [r]emaining [s]ilent or defending himself and risking self-incrimination for possession." Doc. 18, at 2 (emphasis omitted). He also complains there "is no weight amount for the felony drug possession and no weight amount for the misdemeanor drug paraphernalia." *Id.* at 1 (emphasis and capitalization omitted). Finally, Petitioner seeks an evidentiary hearing "due to the police lab report by Mark D. Dixon which is material evidence to sustain Petitioner['s] above claim for relief." *Id.* at 3-4 (emphasis omitted).

3

## III. Standard of review for habeas relief.

Petitioner argues the state appellate court failed to address the federal double jeopardy claim, and asks the court to conduct a de novo review. Doc. 14, at 3. Respondent also seeks de novo review, noting that while Petitioner did not exhaust his claim the OCCA dismissed the wrong count, the claim "can easily be denied on the merits." Doc. 15, at 10. The undersigned agrees the court should engage in independent review. *See Milton v. Miller*, 812 F.3d 1252, 1265-66 (10th Cir. 2016) (reiterating a court may "consider[] habeas claims on the merits despite a petitioner's failure to exhaust" on "de novo" review); *see also Littlejohn v. Trammell*, 704 F.3d 817, 825 (10th Cir. 2013) ("For federal habeas claims not adjudicated on the merits in state-court proceedings, we exercise our 'independent judgment[.]'" (citation omitted)). In such a situation, Petitioner must show a constitutional violation by a preponderance of the evidence. *See Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (per curiam); *see also Sa'Ra v. Raemisch*, 536 F. App'x 783, 787-88 (10th Cir. 2013) ("Our independent judgment is affected by allocation of the

---

These allegations are nonsensical and bear no recognizable relation to Petitioner's underlying habeas claim. The undersigned has not addressed the newly raised arguments in this recommendation. *See, e.g., Thompkins v. McKune*, 433 F. App'x 652, 660 (10th Cir. 2011) ("[A]s we have previously noted, arguments raised for the first time in a [reply] are not properly presented to the district court, and we will not consider them on appeal.").

4

underlying burden of persuasion. That burden falls on the Petitioner, who must show a constitutional violation by a preponderance of the evidence.").

**IV. Analysis.**

The OCCA found Petitioner's convictions in Count II and Count III arose from a single offense, *supra* § I, and Petitioner is "correct that the [Double Jeopardy] Clause prohibits multiplicity—convicting a person on more than one count for a single offense." *United States v. Smith*, 815 F.3d 671, 674 (10th Cir. 2016). When such a violation occurs, "[t]he basic curative procedure followed by the OCCA, vacating the lesser of two multiplicious convictions . . ., is standard practice in double-jeopardy jurisprudence." *Lambert v. Workman*, 594 F.3d 1260, 1264 (10th Cir. 2010).

According to Petitioner, the OCCA should have dismissed Count III because it is the "greater offense." Doc. 2, at 8. However, aside from noting Count II came before Count III sequentially, Petitioner offers no valid explanation for such argument. *See id.* Indeed, Count II was a *misdemeanor* conviction, while Count III is a *felony* conviction. *Supra* § I. Clearly, the OCCA dismissed the lesser of the two multiplicious convictions, and the undersigned finds Petitioner has failed to show a constitutional violation by a preponderance of the evidence. *See, e.g., Lambert*, 594 F.3d at 1264 (noting the OCCA cured the double jeopardy error by dismissing the lesser offense and finding: "We fail to see how this constitutes a 'violation of the

5

Constitution or laws or treaties of the United States' subject to redress under § 2254(a)."). So, the court should deny habeas relief.

## V. Recommended ruling and notice of right to object.

For the reasons discussed above, the undersigned recommends the court deny the petition for habeas relief.

The undersigned advises the parties of their right to object to this report and recommendation by June 2, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

Entered this 13th day of May, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE