IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TRAVIS LENARD MIKADO,            )
                                 )
              Petitioner,         )
                                 )
v.                               )  Case No. CIV-15-1389-D
                                 )
JOE M. ALLBAUGH,[1] *et al.*      )
                                 )
              Respondents.        )

# O R D E R

This matter is before the Court for review of the Report and Recommendation [Doc. No. 19] issued May 13, 2016, by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Mitchell recommends a denial of Mr. Mikado's Petition for Writ of Habeas Corpus ("Original Petition") [Doc. No. 1]. The Court, having conducted a *de novo* review,[2] adopts the Report and Recommendation in its entirety, and overrules both of Petitioner's objections.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), Petitioner had until June 2, 2016 to object to the Report and Recommendation. On May 26, 2016, Petitioner erroneously filed a Notice of Appeal [Doc. No. 20]. The Tenth Circuit Court of Appeals

---

[1] When Mr. Mikado filed his Petition, he named Robert Patton, then Department of Corrections Director, as Respondent. *See* Pet. [Doc. No. 1] at 1. Joe M. Allbaugh is now the Oklahoma Department of Corrections Interim Director and is, thus, automatically substituted as Respondent pursuant to Fed. R. Civ. P. 25(d).

[2] Pursuant to Fed. R. Civ. P. 72(b)(3), where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id.*; 28 U.S.C. § 636(b)(1)(C); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

subsequently dismissed Petitioner's appeal for lack of appellate jurisdiction. *See* Order [Doc. No. 23]. Petitioner then attempted to file a "Petition for Writ of Habeas Corpus 28 U.S.C. § 2254" [Doc. No. 25] in the Tenth Circuit, which was sent back to this Court for filing. Mr. Mikado's petition was mailed out on June 1, 2016, received at the Tenth Circuit on June 6, 2016, and filed in the Western District on June 10, 2016.

The Tenth Circuit "has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (citing *Moore v. U.S.*, 590 F.2d 656, 659 (10th Cir. 1991)). "This rule does not apply, however, when . . . the 'interests of justice' require review." *Id.* (citing *Wirsching v. Colo.*, 360 F.3d 1191, 1197 (10th Cir. 2004); *Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996) (further citations omitted)); *see also id.* at 1120 (identifying "a *pro se* litigant's effort to comply" as a factor to be considered in determining whether to invoke the exception). Accordingly, the Court construes Mr. Mikado's petition (hereafter, "Objection") as a timely objection to the Report and Recommendation.

STANDARD

Although Petitioner failed to exhaust his claim at the state level, the Court applies a *de novo* standard of review to his Original Petition. *See Milton v. Miller*, 812 F.3d 1252, 1265-66 (10th Cir. 2016) (allowing "[a]n application for a writ of habeas corpus [to] be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the States." (quoting 28 U.S.C. § 2254(b)(2))). Petitioner bears the

burden of showing "by a preponderance of the evidence that he is entitled to relief." *Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964).

ANALYSIS

In his Objection, Petitioner alleges that the Court abused its discretion by (1) dismissing his Original Petition; and (2) failing in the Report and Recommendation to address a 5th Amendment claim Petitioner raised in his reply brief [Doc. No. 18].[3] Petitioner's Objection applies an erroneous legal standard[4] and fails to include evidence or law to support his contentions.

Petitioner's first objection is premature because the Magistrate Judge merely issued a recommended disposition, and the Court had not yet ruled on his Original Petition. Additionally, Petitioner has offered no new evidence for the Court to consider and has pointed to no error in the Report and Recommendation to be analyzed. He has simply, and almost identically, reargued his Original Petition. Accordingly, the Court finds Petitioner's first objection has no merit and is overruled.

Petitioner's second objection fails for three reasons: (1) there is no obligation for an opponent to submit a sur-reply under LCvR 7.1(i), and failure to do so does not constitute a waiver of defenses; (2) the Court is not required to consider arguments raised for the first

---

[3] Petitioner "argues that [by failing to file a sur-reply] the State Attorney General waives his affirmative defense/dismissal to Petitioner's reply brief and that the U.S. District Court abused its discretion by dismissing and not addressing Petitioner's reply brief on its merits." Obj. [Doc. No. 25] at 9.

[4] The Court reviews *de novo* objections to a magistrate judge's report and recommendation. *See supra* note 2.

time in reply briefs (*see U.S. v. Redcorn*, 528 F.3d 727, 738 (10th Cir. 2008); *Graves v. Colvin*, No. CIV-12-375-M, 2013 WL 3992424, at *4 (W.D. Okla. Aug. 2, 2013)); and (3) the Court is of the opinion that the Report and Recommendation sufficiently encompasses Petitioner's new argument in its finding that Petitioner's constitutional allegations were not supported by a preponderance of the evidence.[5]  *See* R. & R. [Doc. No. 19] at 5. Accordingly, the Court finds Petitioner's second objection has no merit and is overruled.

## CONCLUSION

The Court has conducted the *de novo* review required by 28 U.S.C. § 636(b)(1)(C) of "those portions of the report . . . to which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  Upon review, the recommendation of Magistrate Judge Mitchell will be followed.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 19] is ADOPTED in its entirety.  Mr. Mikado's Petition for Writ of Habeas Corpus [Doc. No. 1] is DENIED.  It is further ordered that Petitioner's Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 26], filed concurrently with his improperly-filed appeal, is DENIED as moot.  Because no other matters remain pending, a judgment shall be entered accordingly.

IT IS SO ORDERED this 28th day of June, 2016.

*[signature]*
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] The relevant Oklahoma law to which Plaintiff cites in his second objection does not force an individual to speak in violation of his 5th Amendment rights; rather, it merely lists factors for consideration in determining whether an object is drug paraphernalia.  *See* OKLA. STAT. tit. 63 § 2-101.1.